IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                           Plaintiff,<br>v.<br><br>WILLIAM M. OSTERHOUT and PROSPERITY NETWORK, INC. d/b/a PROSPERITY AUTOMATED SYSTEM,<br><br>                          Defendants. | Civil Action No.<br>1:06-cv-2318-ODE |

**CONSENT OF DEFENDANTS**

1.    Defendant William M. Osterhout ("Osterhout") and Prosperity Network, Inc. d/b/a Prosperity Automated System ("PAS") (collectively "Defendants"), without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants admit), hereby consent to the entry of the Order Granting Preliminary Injunction and Ordering Other Ancillary Relief in the form attached hereto ("the Order") and incorporated by reference herein, which, among other things:

    (a)    Preliminarily restrains and enjoins Defendants from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R.

§ 240.10b-5] and Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 [15 U.S.C. § 77e(a), 77e(c) and 77q(a)]; and

(b)     Maintains in effect the Paragraph IV of this Court's October 3, 2006 Temporary Restraining Order pending further order of this Court.

2.     Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

3.     Defendants waive the right, if any, to appeal from the entry of the Order.

4.     Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

5.     Defendants agree that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

6.     Defendants will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

7.     Defendants waive service of the Order and agree that entry of the Order by the Court and filing with the Clerk of the Court will constitute notice to

Defendants of its terms and conditions.

8.     Consistent with 17 C.F.R. 202.5(f), this Consent addresses only some of the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the entry of a preliminary injunction in this proceeding. Defendants further acknowledge that the Court's entry of a preliminary injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences may include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the preliminary injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this proceeding.

9. Defendants agree that the Commission may present the Order to the Court for signature and entry without further notice.

10. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of resolving the remaining claims in this proceeding and enforcing the terms of the Order.

Dated: 12/12/06

_____
William M. Osterhout

On December 12, 2006, William McKee Osterhout, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent

Dated: 12/12/06

Prosperity Network, Inc. d/b/a Prosperity Automated System

By: _____
[Name of person signing for entity]
[Title] president
[Address] 2457 Montgomery Ave
Cardiff CA 92007

On December 12, 2006, William McKee Osterhout, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Prosperity Network, Inc. as its President.

_____, Notary
Notary Public

OFFICIAL SEAL
L. MONTES
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1482968
SAN DIEGO COUNTY
MY COMM. EXP. APRIL 13, 2008

4

Commission expires: April 13, 2008