FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUN 5 2009

James N. Hatten, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : : | |
| Plaintiff, | : | |
| v. | : : | Civil Action No. 1:06-cv-2318-ODE |
| WILLIAM M. OSTERHOUT and PROSPERITY NETWORK, INC. d/b/a PROSPERITY AUTOMATED SYSTEM, | : : : : : | |
| Defendants. | : : | |

## FINAL JUDGMENT AS TO DEFENDANTS
## WILLIAM M. OSTERHOUT AND PROSPERITY NETWORK, INC.
## D/B/A PROSPERITY AUTOMATED SYSTEM

The Securities and Exchange Commission having filed a Complaint and

Defendants William M. Osterhourt ("Osterhout") and Prosperity Network, Inc.

d/b/a Prosperity Automated System ("PAS) (collectively, the "Defendants") having

entered general appearances; consented to the Court's jurisdiction over Defendants

and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

-2-

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
that Defendants and Defendants' agents, servants, employees, attorneys, and all
persons in active concert or participation with them who receive actual notice of
this Final Judgment by personal service or otherwise are permanently restrained and
enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by,
directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use
of any means or instruments of transportation or communication in
interstate commerce or of the mails to sell such security through the
use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or
causing to be carried through the mails or in interstate commerce, by
any means or instruments of transportation, any such security for the
purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or
communication in interstate commerce or of the mails to offer to sell
or offer to buy through the use or medium of any prospectus or

-4-

otherwise any security, unless a registration statement has been filed

with the Commission as to such security, or while the registration

statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or

examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendants are jointly and severally liable for disgorgement of $1,075,000.00,

representing profits gained as a result of the conduct alleged in the Complaint,

together with prejudgment interest thereon in the amount of $99,304.80, for a total

of $1,174,304.80.  Based on Defendants' sworn representations in their respective

statements of financial condition dated November 9, 2006 and as supplemented on

August 31, 2007 and January 15, 2009 (the "Statements of Financial Condition"),

and other documents and information submitted to the Commission, however, the

Court is not ordering Defendants to pay a civil penalty and payment of all but

$35,000.00 of the disgorgement and pre-judgment interest thereon is waived.

Defendants shall also pay post-judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961.  The determination not to impose a civil penalty and

to waive payment of all but $35,000.00 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of the Statements of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendants' representations to the Commission concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendants was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendants may not, by way of defense to such petition:  (1) challenge the validity of the

-6-

Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by

the Commission; (3) assert that payment of disgorgement, pre-judgment and post-

judgment interest or a civil penalty should not be ordered; (4) contest the amount of

disgorgement and pre-judgment and post-judgment interest; (5) contest the

imposition of the maximum civil penalty allowable under the law; or (6) assert any

defense to liability or remedy, including, but not limited to, any statute of

limitations defense.  Defendants shall satisfy this obligation by paying $35,000.00

within ten (10) days from the date of the entry of this Final Judgment by cashier's

check, certified check, or postal money order payable to the Securities and

Exchange Commission.  The payment shall be delivered or mailed to the Office of

Financial Management, Securities and Exchange Commission, Operations Center,

6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be

accompanied by a letter which identifies Osterhout and PAS as defendants in this

action; setting forth the title and civil action number of this action and the name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall pay post-judgment interest on any delinquent amounts pursuant to

28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this

paragraph to the United States Treasury.  Defendants shall simultaneously transmit

-7-

photocopies of such payment and letter to Aaron W. Lipson, Staff Attorney, U.S. Securities and Exchange Commission, 3475 Lenox Road, N.E., Suite 500, Atlanta, Georgia 30326-1232.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____ June 5 _____, 2009

_____
UNITED STATES DISTRICT JUDGE